UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-23297-CV-WILLIAMS
(CASE NO. 19-20122-CR-WILLIAMS)
MAGISTRATE JUDGE REID

ROLANDO RODRIGUEZ,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## REPORT OF MAGISTRATE JUDGE RECOMMENDING
## DISMISSAL FOR NON-COMPLIANCE WITH COURT ORDERS

### I. Introduction

Movant, **Rolando Rodriguez,** filed a *pro se* Motion to Vacate pursuant to 28 U.S.C. § 2255, attacking the constitutionality of his convictions and sentences for three counts of bringing and attempting to bring aliens to the United States for commercial and private financial gain, in violation of 8 U.S.C. § 1324(a)(2)(B)(ii), entered following a guilty plea in **Case No. 19-20122-CR-Williams**. [ECF No. 1]. This case has been referred to the Undersigned for the issuance of all preliminary orders and any recommendations to the District Court regarding dispositive motions pursuant to 28 U.S.C. § 636(b), and S.D. Fla. Admin. Order 2019-2. [ECF No. 2].

### II. Relevant Procedural History

After entering into a guilty plea, Movant was adjudicated guilty and sentenced to three concurrent terms of sixty months of imprisonment, to be followed by a total of three years of supervised release. [CR-ECF No. 78]. Judgment was entered by the Clerk on **September 11, 2019.**

[*Id.*]. No notice of appeal was filed by Movant in the underlying criminal case. Instead, ten months later, on July 27, 2020, he filed this § 2255 motion.[1] [ECF No. 1].

In his sole claim for relief, Movant asserts in conclusory fashion that counsel failed to file a requested direct appeal. [ECF No. 1 at 4]. Before the Court dedicated further judicial resources and scheduled an evidentiary hearing on Movant's claim, Movant was Ordered to file an affidavit on or before **September 10, 2020** providing specific details regarding his request that an appeal be filed, and objective evidence to support his claim. [ECF No. 6]. As of this date, Movant has not complied with the Court's Order.

After receiving no response, the Court again Ordered Movant to respond, this time with respective deadlines of **November 13, 2020** to file his affidavit, and **November 27, 2020** to file a reply to the Government's Response. [ECF No. 11]. As of this date, Movant has again failed to comply and has not filed anything at all in this case since his first pleading.

For the reasons discussed below, this case should be **DISMISSED WITHOUT PREJUDICE** except as to application of the federal statute of limitations and other procedural defenses which may apply.

## II. Discussion

The Eleventh Circuit has explained that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). Such authority includes the power to

---

[1] Absent evidence to the contrary, such as prison or logs or inmate account statements, in accordance with the mailbox rule, a pro se prisoner's filing is deemed filed on the date it is delivered to prison authorities for mailing. *See Washington v. United States,* 243 F.3d 1299, 1301 (11th Cir. 2001) (citing *Adams v. United States,* 173 F.3d 1339, 1340-41 (11th Cir. 1999)); *see also* Fed. R. App. P. 4(c)(1).

dismiss a case for failure to prosecute or for failure to comply with a court order pursuant to Fed. R. Civ. P. 41(b). *See id.*

Movant was repeatedly cautioned that his failure to comply with the court's orders would likely result in dismissal of this action. [ECF Nos. 5, 6, 11]. Movant has received sufficient notice of this Court's authority to dismiss for failure to comply with court orders. *See Link v. Wabash,* 370 U.S. 626, 630-31 (1962) ("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.").

Under the circumstances, pursuant to Fed. R. Civ. P. 41(b), this case should be dismissed without prejudice, except as to the application of any procedural bars and the statute of limitations. Because Movant has not complied with this Court's Orders and has failed to prosecute this action, dismissal without prejudice pursuant to Fed. R. Civ. P. 41(b) is recommended as no other lesser sanction will suffice. *See Moon v. Newsome*, 863 F. 2d 835, 837 (11th Cir.1989) (Finding a *pro se* litigant is subject to a court's rules and the Federal Rules of Civil Procedure, and "while dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.").

### III. Certificate of Appealability

A prisoner seeking to appeal a district court's final order denying his § 2255 habeas corpus petition has no absolute entitlement to appeal, and to do so, must obtain a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1); *see also Harbison v. Bell,* 556 U.S. 180, 183 (2009) (citing *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000); *Wilkinson v. Dotson,* 544 U.S. 74,

3

78-83 (2005)). This Court should issue a COA only if Movant makes "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2).

Where a district court has rejected a movant's constitutional claims on the merits, Movant must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack,* 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, Movant must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Upon consideration of the record as a whole, this court should deny a certificate of appealability. Notwithstanding, if Movant does not agree, he may bring this argument to the attention of the District Judge in objections.

### IV. Recommendations

Based on the foregoing, it is recommended that:

1. The Motion to Vacate be **DISMISSED WITHOUT PREJUDICE,** except as to application of the federal statute of limitations or other procedural defenses which may apply, for want of prosecution and for failure to comply with Court orders in accordance with Fed. R. Civ. P. 41(b);

2. That no certificate of appealability issue; and,

3. The case **CLOSED** by the Clerk of Court.

Objections to this Report may be filed with the District Judge within fourteen days of receipt of a copy of the Report. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal

conclusions." *See* 11th Cir. R. 3-1 (2016); *see also* 28 U.S.C. § 636(b)(1)(C); *Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

    **SIGNED** this 18th day of December, 2020.

                                          UNITED STATES MAGISTRATE JUDGE

cc:    Roland Rodriguez, *Pro Se*
       Reg. No. 18034-104
       F.C.I. - Butner Medium II
       Inmate Mail/Parcels
       Post Office Box 1500
       Butner, NC 27509

       Peter Link, AUSA
       US Coast Guard
       Seventh District
       909 SE First Ave Suite 918
       Miami, FL 33131
       Email: peter.link@usdoj.gov